**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CAMPBELL FARMING CORPORATION,
CAMPBELL RANCH COMMUNITIES, LLC, and
CAMPBELL MANAGEMENT CONSULTING GROUP, LLC,

      Plaintiffs,

      v.                               Case No. 1:25-cv-01088-KWR-GBW

TOWN OF EDGEWOOD, NEW MEXICO,
BERNALILLO COUNTY, NEW MEXICO, and
BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY, NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS MATTER** comes before the Court on Defendant Bernalillo County ("Defendant County") and Defendant Board of County Commissioners of Bernalillo County's ("Defendant Board") First (Doc. 14) and Second (Doc. 27) Motions to Dismiss. Since Plaintiffs amended their complaint (Doc. 19), Defendant County's First Motion to Dismiss (Doc. 14) will be denied as moot. In the second motion, Defendants move to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted. Doc. 27 at 1. Since Campbell Farming Corporation, Campbell Ranch Communities, LLC, and Campbell Management Consulting Group, LLC's (collectively, "Plaintiffs") Amended Complaint (Doc. 19) fails to establish that their alleged injuries are fairly traceable to Defendant Board's alleged conduct, Plaintiffs do not have Article III standing to bring their claims against Defendant Board. Having reviewed the parties' pleadings

and the relevant law, the Court finds that the Second Motion to Dismiss (Doc. 27) is well-taken, and therefore, is **GRANTED**.

**BACKGROUND**

Plaintiff Campbell Farming Corporation ("Plaintiff CFC") began developing about 8,000 acres of land in and around the Town of Edgewood, New Mexico, in the late 1980s. Doc. 19 ¶¶ 19–22. The Town of Edgewood ("Defendant Edgewood") annexed part of this land in 2001 and executed an agreement to allow Plaintiff CFC "to complete the development." *Id.* ¶¶ 23–30.

In 2007, Defendant Edgewood's Planning and Zoning Commission conditionally approved an application by Plaintiff CFC for three large tracts and a preliminary plat subdivision, and Plaintiff CFC had secured a "written commitment" for water service from New Mexico Water Service Company ("NMWSC"). *Id.* ¶¶ 54, 66. NMWSC filed a petition with the Public Regulation Commission to clarify service area limits, and Bernalillo County intervened. *Id.* ¶¶ 56–57. Plaintiffs allege that Bernalillo County "asserted . . . that it had broad rights to regulate (and prevent) NMWSC's service extension," and NMWSC withdrew its service commitment. *Id.* ¶¶ 58–59. Plaintiff CFC then started its own water utility partnership which was initially denied by the State Engineer, and Bernalillo County intervened in this matter as well. *Id.* ¶¶ 60– 65.

In 2024, Plaintiff CFC submitted a minor subdivision application to Defendant Edgewood's Planning and Zoning Commission. *Id.* ¶ 72. The application would create five tracts within the land annexed by Defendant Edgewood. *Id.* ¶ 73. The application was a platting matter "which is typically viewed as a ministerial act and usually should be denied only if explicit requirements are not met." *Id.* ¶ 75. On November 21, 2024, the Planning and Zoning Commission voted and approved the minor subdivision. *Id.* ¶ 77.

2

However, Defendant Board, "a local environmental activist organization, and several individuals" appealed the decision to the Town Commission. *Id.* ¶ 79. On appeal, the Planning and Zoning Commission acted as a neutral party while "appellants were each given an extensive amount of time to present arguments against CFC's application." *Id.* ¶¶ 81–82. The Town Commission reversed the approval and remanded the application to the Planning and Zoning Commission. *Id.* ¶ 83.

On remand, the Planning and Zoning Commission unanimously approved the application once more. *Id.* ¶ 86. "Many of the same parties who appealed the Planning and Zoning Commission's first approval . . . appealed this second decision, including [Defendant Board]." *Id.* ¶ 90. Again, "appellants were each given a significant amount of time to testify and argue against the application." *Id.* ¶ 95. The Town Commission unanimously denied the application. *Id.* ¶ 97. The Town Commission issued a formal ruling stating its findings and citing to Defendant Board's written objections and hearing testimony. *Id.* ¶¶ 98–105. Plaintiffs are unaware of Defendant Board intervening in other platting decisions where it does not have jurisdiction. *Id.* ¶ 108.

On November 3, 2025, Plaintiffs filed the present action against Defendants. Doc. 1 (Complaint). On December 1, 2025, Defendant County filed its First Motion to Dismiss. Doc. 14. Plaintiffs amended their complaint on December 15, 2025. Doc. 19 (Amended Complaint). On January 7, 2026, Defendants County and Board filed the present Motion to Dismiss. Doc. 27.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court "must dismiss the cause at any stage of the proceedings in which it becomes

apparent that jurisdiction is lacking." *Id.* at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

## DISCUSSION

Before the Court are Defendants' First (Doc. 14) and Second Motions to Dismiss (Doc. 27). Because Plaintiffs amended their complaint, Defendant County's First Motion to Dismiss (Doc. 14) is denied as moot.[1] Defendants' Second Motion to Dismiss argues that dismissal is warranted for lack of jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Doc. 27 at 1. Defendants contend that Plaintiffs lack standing to sue Defendant Board and that Defendant County is not capable of being sued. Doc. 27 at 4; Doc. 32 at 7. Plaintiffs argue that Rule 12(g)(2) bars Defendants' Second Motion to Dismiss. Doc. 31 at 18. The Court will briefly address Plaintiffs' Rule 12(g)(2) argument before considering Defendants' arguments.[2]

### I. Rule 12(g)(2) does not bar Defendants' Motion.

Plaintiffs contend that Rule 12(g)(2) bars Defendants' Motion to Dismiss. Doc. 31 at 18–21. Defendants County and Board argue that the motion to dismiss is not barred by Rule 12(g)(2). Doc. 32 at 5–9. Given that Plaintiffs amended their original complaint and Defendant Board was not properly named, the Court agrees that Rule 12(g)(2) does not bar the Second Motion to Dismiss (Doc. 27).

---

[1] "An amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). Thus, Plaintiffs' Amended Complaint renders Defendant County's First Motion to Dismiss (Doc. 14) moot.

[2] Plaintiffs note that Defendant County failed to timely respond to the Amended Complaint. Doc. 31 at 8 n.4. Plaintiffs do not argue that this warrants denial of the motion to dismiss. Even if Plaintiffs had argued that Defendant County's untimeliness warrants dismissal, Defendant County, as named by Plaintiffs, is not an entity capable of being sued. *See* NMSA 1978, § 4-46-1 (1876). Defendant Board is the properly named defendant, and it filed a timely response. Thus, the timeliness of the motion is not an issue.

Federal Rule of Civil Procedure Rule 12(g) provides that: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). The defense of failure to state a claim upon which relief can be granted may be raised in "any pleading allowed or ordered under Rule 7(a)," "by a motion under Rule 12(c)," or "at trial." Rule 12(h)(2)(A)–(C). In determining whether a district court may properly consider a successive Rule 12(b)(6) motion, the Tenth Circuit has noted that a successive motion to dismiss is "a permissible response" to an amended complaint. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1102 (10th Cir. 2017). Consideration of a successive Rule 12(b)(6) motion, which responds to an amended complaint, is "proper under Rule 12(g)(2) and Rule 12(h)(2)" because a court can consider "the motion as a motion for judgment on the pleadings under Rule 12(c)." *Id.*

The Court finds that it may properly consider Defendant Board's Motion to Dismiss. Plaintiffs amended their original complaint adding Defendant Board. Doc. 1 at 1; Doc. 19 at 1. A motion to dismiss is a permissible response to an amended complaint. *See Brokers' Choice of Am., Inc.*, 861 F.3d at 1102 (recognizing that a motion to dismiss is "a permissible response to" an amended complaint). Additionally, as a practical matter, Defendant Board was not a named defendant in the original complaint and would not have had an opportunity to file a Rule 12 defense. Plaintiffs originally named Defendants Town of Edgewood, New Mexico, and Bernalillo County, New Mexico. *See* Doc. 1 at 1 (naming Bernalillo County, New Mexico as a defendant). Defendant Board was not properly added as a party until Plaintiffs filed the Amended Complaint. *See* Doc. 19 at 1. Plaintiffs recognize this limitation as they note that treating Defendants County and Board as separate entities means that "this bar on a second motion to dismiss would only apply

to Bernalillo County." Doc. 31 at 21. Thus, the Court finds that it may properly consider Defendant Board's Rule 12(b)(6) motion.

Additionally, the Court may consider Defendant Board's Rule 12(b)(6) motion even if it is considered successive. The Tenth Circuit has noted that "district courts have struggled with the question of whether a party may raise a previously available argument in a successive motion to dismiss for failure to state a claim under Rule 12(b)(6) before first filing a responsive pleading." *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty*, 771 F.3d 697, 702 (10th Cir. 2014). The issue turns on whether a court must decline to decide a successive Rule 12(b)(6) motion and require that the argument be presented in a Rule 12(c) motion, or whether a court may consider the argument given that Rule 12(b)(6) and 12(c) use the same standard. The Tenth Circuit resolved this issue by declining to decide whether considering a successive motion was in "technical compliance with Rule 12" given that courts evaluate a Rule 12(b)(6) motion and a Rule 12(c) motion under the same standard. *Id.* at 703–04; *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) ("We use the same standard when evaluating 12(b)(6) and 12(c) motions."). Therefore, even if the Court construes Defendant Board's Rule 12(b)(6) motion as successive, the Court may still consider it.

## II.     Defendant County is an entity not capable of being sued.

Plaintiffs argue that Defendants "imply they are one and the same." Doc. 31 at 21. Defendant County contends that it "is not legally capable of being sued" and the claims against it must be dismissed. Doc. 32 at 7. Since the proper naming convention to sue Bernalillo County requires naming its Board of Commissioners, the Court agrees.

Rule 17(b) provides that the capacity to sue or be sued is generally determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). New Mexico's "naming statute"

provides that "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of ............." NMSA 1978, § 4-46-1.

The Court finds that the proper method of suing Bernalillo County is by naming its board of commissioners. *See id.* For the purposes of this suit, Plaintiffs' claims against Defendant County and Defendant Board will not yield different results. Further, New Mexico's "naming statute," as applied here, does not limit Plaintiffs' ability to pursue their federal causes of action. Section 4-61-1 "merely dictates that [Plaintiffs] name the Board of County Commissioners of the County of Bernalillo . . . rather than the county itself." *Mayer v. Bernalillo County*, No. CIV 18-0666 JB/SCY, 2018 WL 6594231, at *30 (D.N.M. Dec. 13, 2018). Accordingly, the Court grants Defendants' motion as it relates to Defendant County given that it is an entity not capable of being sued.[3]

## III. **Plaintiffs fail to demonstrate that their injuries are fairly traceable to Defendant Board's alleged conduct.**

Under Rule 12(b)(1), Defendant Board argues that Plaintiffs have failed to demonstrate traceability and redressability to satisfy Article III standing. Doc. 27 at 4–5; Doc. 32 at 1–4. Plaintiffs contend that the standing requirements are met. Doc. 31 at 10–15. The Court disagrees.

Article III of the Constitution limits federal jurisdiction to actual cases or controversies. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). A plaintiff "must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). A plaintiff "bear[s] the burden of establishing standing." *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 (10th Cir. 2016). Standing must exist "at the time the action is brought," *Mink v. Suthers*, 482 F.3d 1244, 1253 (10th

---

[3] The Court will treat Defendant Board as making the remaining arguments given that Defendant County is an improper defendant.

Cir. 2007), and standing "must exist throughout the litigation," *Qwest Commc'ns Int'l, Inc. v. F.C.C.*, 240 F.3d 886, 891 (10th Cir. 2001).

To assert standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Defendant Board contends that Plaintiffs cannot demonstrate traceability or redressability, and the case must be dismissed pursuant to Rule 12(b)(1). Doc. 27 at 5. The Court agrees that Plaintiffs fail to demonstrate traceability.

### A. Traceability.

Plaintiffs claim that Defendant Board violated the Takings Clause, their substantive due process rights, and equal protection. Doc. 19 at 27–38. Plaintiffs claim that their damages, the devaluation of and restrictions placed on their property, "stem from the Town's decision to deny CFC's minor subdivision application." Doc. 31 at 12. Thus, as to Defendant Board, Plaintiffs must demonstrate that their injuries are "fairly traceable" to Defendant Board's intervention in the minor subdivision application.[4] As to each of these claimed injuries, Plaintiffs fail to demonstrate that each injury is fairly traceable to Defendant Board's alleged conduct. Since Plaintiffs allegations

---

[4] Although Plaintiffs seem to take issue with Defendant Board's past "actions to block any water supply to Campbell Ranch" in addition to intervening in the subdivision application, the Court treats the First Amended Complaint as only bringing claims that stem from the denial of the minor subdivision. *See* Doc. 31 at 13. Plaintiffs explicitly allege that they "are not pursuing claims regarding Bernalillo County or the County Board's interference with its ability to access water supplies, but these allegations provide relevant context." Doc. 19 ¶ 53. Further, Plaintiffs' allegations repeatedly focus on Defendant Board's "interference with the approval process for CFC's application for a minor subdivision," not prior interference with their attempts to obtain water. *See id.* ¶¶ 129, 155, 172. Accordingly, the Court accepts the past allegations for context and focuses its standing analysis on the harm arising from the denial of the subdivision application.

fail to demonstrate that the commission would not have denied their application but for Defendant Board's intervention, the Court finds that Plaintiffs do not meet the "fairly traceable" requirement.

The injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citation modified). This standing element requires "something less than the concept of 'proximate cause.'" *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1156 (10th Cir. 2005). But "Article III does at least require proof of a substantial likelihood that the defendant's conduct caused plaintiff's injury in fact." *Id.* This showing "does not require a plaintiff to establish that the defendant was the proximate cause of its injury," rather, a plaintiff "can satisfy the 'fairly traceable' requirement by advancing allegations which, if proven, allow for the conclusion that the challenged conduct is a 'but for' cause of the injury." *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 814 (10th Cir. 2021) (citing *Petrella v. Brownback*, 697 F.3d 1285, 1293 (10th Cir. 2012)). "Traceability is absent when [the court has] to guess why the third parties acted as they did." *N. Laramie Range All. v. F.E.R.C.*, 733 F.3d 1030, 1035 (10th Cir. 2013).

Here, Plaintiffs fail to allege facts that demonstrate their injuries are fairly traceable to the alleged conduct of Defendant Board. Plaintiffs allege that Defendant Board's efforts "to repeatedly intervene to thwart CFC's lawful development efforts have harmed all the Plaintiffs, barring them from lawfully using their land." *Id.* ¶ 110.  However, Plaintiffs allege that Defendant Board, a local activist organization, and several individuals appealed the application to the commission the first time, and "[m]any of the same parties" appealed the second decision as well. Doc. 19 ¶ 90. Plaintiffs allege that at the July 24, 2025 hearing, "the appellants were each given a significant amount of time to testify and argue against the application, resulting in substantially more time spent on the reasons against granting the application." *Id.* ¶¶ 92, 95. Plaintiffs allege that the "Town

Commission's decision repeatedly cited the County Board's written objections and hearing testimony," that "the Town ha[d] previously approved numerous minor subdivision applications in recent years," and that it was unaware of any other time where "the County Board ha[d] intervened in platting decisions where Bernalillo County d[id] not have jurisdiction." Doc. 19 ¶¶ 104, 106, 108. But Plaintiffs do not allege facts demonstrating that the application would not have been denied on appeal "but for" Defendant Board's intervention.

Although Plaintiffs' allegations demonstrate that Defendant Board's intervention may have provided citations or support for the commission's decision, the allegations do not sufficiently demonstrate that Defendant Board's actions were a "but for" cause of the commission's denial. *See Santa Fe All. for Pub. Health & Safety*, 993 F.3d at 815 ("While these two legislative acts made it slightly easier for telecommunications companies to obtain approval to construct new telecommunications facilities, the Alliance fails to allege facts capable of showing that 'but for' these two legislative acts Santa Fe would not have approved the construction . . . at issue."). All Plaintiffs' allegations do is show that Defendant Board's intervention may have "made it slightly easier" for the commission to deny the application, but it does not show that the intervention caused the denial. *See id.* Plaintiffs do not allege facts demonstrating that the commission only relied on evidence from Defendant County or that the application would have been approved if Defendant County had not intervened. *See id.* ("Notably, the Alliance does not allege members of the Santa Fe boards in charge of land use and zoning/planning were prepared to deny approval for new telecommunications facilities in the absence of the adoption [of the legislation.]"). The absence of such allegation is fatal to the "fairly traceable" requirement.

Not only do Plaintiffs' allegations fail to demonstrate the required causation, but the allegations leave the Court to infer and assume its way to finding that Defendant Board's

10

participation caused Plaintiff's injuries. In order to find Defendant Board's conduct fairly traceable to Plaintiffs' injuries, the Court must infer that the collective testimony from the other appellants, who "were each given a significant amount of time to testify and argue against the application," would not have convinced the commission to deny the application on their own. A plaintiff fails to meet its burden when "[s]peculative inferences are necessary to connect [its] injury to the challenged actions." *Nova Health Sys.*, 416 F.3d at 1157 (citing *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 45–46 (1976)). In other words, Plaintiffs fail to meet their burden because the Court has no way of knowing whether Defendant Board's intervention caused Plaintiffs' injury. *See N. Laramie Range All.*, 733 F.3d at 1038 (finding no traceability when a plaintiff's allegations left the court with "no way of knowing" whether the challenged conduct caused the harm).

Plaintiffs contend that all that is required is a "logical correlation" between Plaintiffs' injuries and Defendant Board's conduct. Doc. 31 at 10. In support of the phrase, "logical correlation," Plaintiffs' cite a district court case which dealt with organizational standing in an environmental enforcement action. Doc. 31 at 10 (citing *Grand Canyon Tr. v. Pub. Serv. Co. of N.M.*, No. CIV 02-552 BB/JHG, 2003 WL 27385336, at *4 (D.N.M. May 1, 2003)). Not only does the case before the Court not deal with alleged physical or aesthetic harm from a smokey discharge, but the "logical correlation" standard appears to lack support in Tenth Circuit case law. Plaintiffs also cite to *Utah Physicians for a Healthy Environment v. Deisel Power Gear, LLC*, 21 F.4th 1229 (10th Cir. 2021), as an example of a "far more tenuous situation" where conduct was found to be fairly traceable to the injury. Doc. 31 at 11. The Tenth Circuit found that there was "no speculation that Defendants' unlawful conduct would cause the emission into the atmosphere of harmful pollutants." *Utah Physicians for a Healthy Env't*, 21 F.4th at 1245. Unlike *Utah Physicians for a Healthy Environment*, Plaintiffs' allegations require speculation to reach the conclusion that

Defendant Board's opposition, despite several other parties who opposed the application, caused the commission to deny Plaintiffs' application.

Plaintiffs also cite to *Bennett v. Spear*, 520 U.S. 154, 158–60 (1997), and argue that traceability may be found when a recommendation has "a powerful coercive effect." Doc. 31 at 11. However, Plaintiffs' allegations fail to demonstrate a powerful coercive or determinative effect. The Court cannot infer that Defendant Board's opposition and the commission's decision to "repeatedly cite" Defendant Board's written objections and hearing testimony demonstrates a coercive or determinative effect on the commission. *See* Doc. 19 ¶ 104. If the agency deviated from the coercive biological opinion in *Bennett*, the agency had the "burden of 'articulat[ing] in its administrative record its reasons for disagreeing with the conclusions of [the] biological opinion.'" 520 U.S. at 169. Yet, Plaintiffs do not allege that a similar coercive or determinative effect was caused by Defendant Board's participation in opposing the application. For these reasons, the cases Plaintiffs cite are inapposite.

Accordingly, the Court finds that Plaintiffs have not met their burden of demonstrating that Defendant Board's conduct is fairly traceable to their claimed injuries.[5] Therefore, the Court must

---

[5] The Court will not grant leave based on Plaintiffs' single appended sentence requesting leave to amend. Doc. 31 at 21; *see Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999) ("[A] request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it."); *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1118 (10th Cir. 2015) ("[T]he district court is not required to give an explanation for dismissing the complaint with prejudice when plaintiff's request for leave to amend amounted to a single sentence at the end of his memorandum in opposition to the motion for summary judgment.").

grant Defendant Board's Rule 12(b)(1) motion and dismiss without prejudice Counts I, III, and IV, as to Defendant Board for lack of subject-matter jurisdiction.[6]

### CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Board's Motion to Dismiss (Doc. 27) is hereby **GRANTED** as to the claims against Defendant Board for reasons described in this Memorandum Opinion and Order. Counts I, III, IV, against Defendant Board are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the claims against Defendant County are **dismissed with prejudice** as it is an entity not capable of being sued. Should Plaintiffs seek leave to amend, they are advised to follow the appropriate naming convention.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[6] Given that the Court has found that Plaintiffs lack standing to bring their claims against Defendant Board, the Court will dismiss the claims against Defendant Board without prejudice and will not consider Defendant Board's remaining Rule 12(b)(6) argument based on absolute immunity.